## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOE LOGAN, #05874-033, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-651-DRH |
| | ) | |
| A.W. SHERROD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on Petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois brings this habeas corpus action pursuant to **28 U.S.C. § 2241** to challenge the sentence that was imposed relating to his February 1997 conviction.  Petitioner was  found guilty of conspiracy to commit mail fraud, conspiracy to commit arson, and arson of real property.  Because the arson resulted in the deaths of four individuals, Petitioner was sentenced to life imprisonment under the Federal Arson Statute, which allows for higher penalties when an offense results in serious bodily injury or death.  **18 U.S.C. § 844(I) (2006).**  Petitioner appealed to the Sixth Circuit, which affirmed Petitioner's conviction.  Petitioner's writ of certiorari was denied by the Supreme Court.

Page 1 of 5

Petitioner then filed a motion pursuant to **28 U.S.C. § 2255** in January 2001, arguing that because the court determined that the deaths directly resulted from the arson, instead of leaving this determination up to the jury, Petitioner's sentence was erroneous. The district court dismissed Petitioner's motion. Then in 2004 Petitioner appealed his **§ 2255** motion to the Sixth Circuit, once again arguing that based on ***Jones v. United States*, 526 U.S. 277 (1999)**, the determination of cause of death should have been left to a jury. The Sixth Circuit agreed with the holding in ***Jones***, but found that Petitioner did not raise the issue at trial nor on direct review. Thus, the Sixth Circuit dismissed Petitioner's motion, stating that even if Petitioner had raised the issue, the district court's error did not rise to a fundamental defect so as to cause the miscarriage of justice. ***Logan v. United States*, 434 F.3d 503, 508 (6th Cir. 2006).**

**Rule 4** of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." **RULES GOVERNING § 2254 CASES IN THE U.S. D. CTS. R. 4 (2010).   Rule 1(b)** of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. ***Id.* R. 1(b).** After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to **28 U.S.C. § 2255**, and this remedy normally supersedes the writ of habeas corpus.  A **§ 2241** petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  ***Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).**  However, a petition challenging the conviction may be brought pursuant to **28 U.S.C. § 2241** if the remedy provided by **28 U.S.C. § 2255** is inadequate or ineffective.  ***See also Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").**

Petitioner contends that he is one of those for whom the **§ 2255** motion is inadequate or ineffective to test the legality of his detention.  However, the fact that Petitioner may be barred from bringing a successive **§ 2255** petition is not, in itself, sufficient to render it an inadequate remedy.  ***In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (section 2255's limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).**  Instead, a petitioner under **§ 2241** must demonstrate the inability of a **§ 2255** motion to cure the defect in the conviction.

In **In re *Davenport***, the Seventh Circuit considered the meaning of "inadequacy" for purposes of **§ 2255**.  The Seventh Circuit stated that "[a]

procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." ***Davenport,*** **147 F.3d at 611 (emphasis added).** The Seventh Circuit clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." ***Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).**

Such is not the case here. Petitioner once again attempts to use ***Jones v. United States***, this time to validate his current **§ 2241** motion. In ***Jones***, the Supreme Court held that under the Federal Carjacking statute, a jury must decide whether any deaths that resulted were caused by the carjacking; the decision should not be left to a court. The Court further stated that the decision in ***Jones*** did "not announce any new principle of constitutional law, but merely interpret[ed] a particular federal statute in light of a set of constitutional concerns that have emerged through a series of our decisions over the past quarter century." ***Jones v. United States*, 526 U.S. 227, 252 (1999).** For the same reasons articulated by the Sixth Circuit, Petitioner has not advanced a successful claim of actual innocence: the holding in ***Jones*** involved who must find a fact, but did not stand for the notion that failure to follow this procedure makes the fact a legal action. ***Logan v. United States*, 434 F.3d 503, 510 (6th Cir. 2006).** In

sum, simply because the jury should have made the determination that the arson committed by Petitioner caused the deaths of the four individuals, does not mean that because the court made the determination instead, the arson is no longer considered a crime.

Petitioner filed a **§ 2255** motion in January 2001, and it was in that motion that Petitioner's current claim belonged. Petitioner did in fact raise his current claim in that motion, but was unsuccessful. Petitioner was likewise unsuccessful when he appealed the decision to the Sixth Circuit in 2004. Even though Petitioner's claim was ultimately defeated, raising it under a **§ 2255** motion was procedurally correct. As such, **§ 2255** does not prove to be an inadequate remedy for Petitioner's current claim, and consistent with ***In re Davenport***, Petitioner cannot raise his current claim under the awning of **§ 2241**.

Therefore, **§ 2241** cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed this 28th day of January, 2011.

David R. Herndon
2011.01.28 16:20:09
-06'00'

**Chief Judge**
**United States District Court**

Page 5 of  5